**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

AKTHAM ABUHOURAN,

                              Plaintiff,

   - v -                                                  Civ. No. 9:04-CV-1023
                                                                         (LES/RFT)

WARDEN FCI RAY BROOK, *et al.*,

                              Defendants.

**APPEARANCES:**                             **OF COUNSEL:**

AKTHAM ABUHOURAN
Plaintiff, *Pro Se*
231 B Randolph Avenue
East Rutherford, NJ 07073

HON. RICHARD S. HARTUNIAN              BARBARA D. COTTRELL
United States Attorney                         Assistant United States Attorney
Northern District of New York
Attorney for Defendants
J.T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      Upon referral by the Honorable Lyle E. Strom, United States District Judge, currently before this Court is Plaintiff's Motion to Appoint Counsel, Dkt. No. 77, and Motion for Default Judgment and Summary Judgment, Dkt. No. 78. Defendants oppose Plaintiff's Motion for Default and Summary Judgment. Dkt. No. 80. For the reasons that follow, we deny Plaintiff's Motion for the Appointment of Counsel, and recommend **denial** of Plaintiff's Motion for Default and Summary Judgment.

## I. Procedural Background

We start with a recitation of the relevant procedural background, which we believe would be helpful in putting the current Motions into perspective.

Plaintiff initiated this action *pro se* on August 30, 2004, with the filing of a civil rights Complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Dkt. No. 1, Compl. Plaintiff claimed that various prison personnel were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. On November 10, 2004, Plaintiff was granted permission to proceed with this matter *in forma pauperis* (IFP). Dkt. No. 6, IFP App. He thereafter filed an Amended Complaint as of right on December 30, 2004. Dkt. No. 9, Am. Compl. Within his Amended Complaint, Plaintiff provided additional facts and also identified by name the various prison medical personnel he is suing. Service of the Amended Complaint was directed by the Court on January 19, 2005. Dkt. No. 10. By the end of 2005, all Defendants had been served with process and had collectively sought three separate extensions of time to answer the Amended Complaint. Dkt. Nos. 15-18, 25, & 27 (Waivers of Service); Dkt. Nos. 20, 28, & 30 (Requests for Extensions). The last extension request was denied and Defendants' time to respond to the Amended Complaint was set for February 3, 2006, more than a year after the filing of the Amended Complaint. Dkt. No. 31, Order, dated Dec. 13, 2005. On December 21, 2005, Plaintiff sought permission to submit a second amended complaint; Defendants did not oppose the request. Dkt. Nos. 32, Pl.'s Mot. to Amend, & 34, Defs.' Resp. After obtaining Court approval, Dkt. No. 37, Plaintiff filed his Second Amended Complaint, Dkt. No. 38, 2d Am. Compl.

In lieu of filing an answer, Defendants filed a Motion to Dismiss, or in the alternative, for

Summary Judgment, on May 1, 2006, Dkt. No. 41, which Plaintiff opposed, Dkt. No. 44. In October 2006, while Defendants' dispositive motion was pending, this case was transferred to the Honorable Lyle E. Strom, United States District Judge. Dkt. No. 47.[1] Then, on October 10, 2006, Plaintiff filed a Motion to Supplement his Second Amended Complaint, to which Defendants did not submit a response. Dkt. No. 48, Pl.'s Mot. to Supp.

On April 11, 2007, Judge Strom issued a Memorandum Opinion granting Defendants' Motion for Summary Judgment solely on the basis of Plaintiff's failure to exhaust his administrative remedies. Dkt. No. 50. Judge Strom did not address the merits of Plaintiff's Eighth Amendment claims, nor his Motion to Supplement his Second Amended Complaint. In a separate Order and Judgment, Judge Strom summarily granted Defendants' dispositive motion and denied Plaintiff's Motion to Supplement. Dkt. No. 51. By operation of that Order, Plaintiff's Second Amended Complaint was dismissed and Judgment was entered in favor of Defendants, thus closing the case.

On April 30, 2007, Plaintiff filed a Notice of Appeal to the Second Circuit. Dkt. No. 52. On October 3, 2007, during the pendency of the appeal, Defendants asked the Second Circuit to remand the matter back to the District Court so that it could address Plaintiff's Motion to Supplement. *See* 2d Cir. Dkt. Rep., Civ. No. 07-1964-pr. On February 6, 2008, the Second Circuit, faced with Defendants' request for remand, issued the following Order, which was entered on the District Court's Docket as well:

> Upon due consideration, it is hereby ORDERED that the motion [for remand] is GRANTED and the case is REMANDED to the district court. The district court is instructed to supplement the record regarding the reasons for denying Plaintiff-Appellant's motion to supplement his second amended complaint to add a claim under the Federal Tort Claims Act. Jurisdiction will be restored to this Court when

---

[1] Judge Strom was authorized by the Second Circuit Council to sit by designation in the Northern District of New York from October 1, 2006 through December 31, 2007. Dkt. No. 47.

> either party informs this Court by letter that the district court has supplemented the record.

Dkt. No. 58, Cert. Copy of 2d Circuit Order.

Immediately, upon receipt of the Second Circuit's Order, Judge Strom directed the Defendants to respond to Plaintiff's Motion to Supplement. Dkt. No. 59, Order, dated Feb. 15, 2008. After granting several extension requests, the matter was fully briefed on May 9, 2008. On October 28, 2008, in a Memorandum and Order, Judge Strom ruled that Plaintiff could supplement his Second Amended Complaint to add a cause of action under the Federal Tort Claims Act, codified at 28 U.S.C. § 2674. Dkt. No. 67. Within that Order, Judge Strom directed Plaintiff to file his supplemental pleading on or before November 21, 2008.[2] *Id.* at p. 2. But Plaintiff did not file his pleading as directed and, on December 10, 2008, Judge Strom issued an Order directing Plaintiff to show cause why his action should not be dismissed for failure to prosecute. Dkt. No. 68. In response, Plaintiff submitted an Affidavit explaining that he believed he had previously requested an extension of his deadline to file the pleading and further sought to renew that extension request. Dkt. No. 69, Aktham Abuhouran Aff., dated Dec. 14, 2008. Days later, on December 23, 2008, Plaintiff filed his Supplement to the Second Amended Complaint. Dkt. No. 70, Supp. Compl. No further action was taken by the Court.

Approximately three months later, on or about March 28, 2009, Plaintiff submitted a letter to the Second Circuit advising it as to the status of the Motion to Supplement. *See* 2d Cir. Dkt. Rep., Civ. No. 07-1964-pr. In response, on July 20, 2009, the Second Circuit issued an Order which, in

---

[2] Judge Strom explained that he previously dismissed Plaintiff's entire Second Amended Complaint due to Plaintiff's failure to exhaust his administrative remedies, however, with regard to the proposed claim pursuant to the Federal Tort Claims Act, Plaintiff fully exhausted such claim and was therefore granted permission to pursue only that claim. Dkt. No. 67. Judge Strom specifically noted that by granting the Motion to Supplement, he was not reinstating any claim previously dismissed. *Id.* at p. 2.

sum and substance, held that Judge Strom's grant of the Motion to Supplement deprived the prior judgment of finality, thus, the Circuit dismissed the pending appeal "without prejudice to the right of either party to file a timely appeal upon the subsequent entry of a final judgment." Dkt. No. 74, 2d Cir. Mandate.  Though that Order was filed on the Second Circuit's Docket in July 2009, it was not issued to the District Court as a Mandate until December 17, 2009.  And still, no activity occurred with regard to Plaintiff's Supplemental Complaint.

Then, in February 2010, Plaintiff filed a Motion for the Appointment of Counsel and a Motion for Default Judgment and Summary Judgment.  Dkt. Nos. 77-78.  Defendants sought, and were granted, an extension of time to respond to Plaintiff's dispositive motion.  Text Order, dated Feb. 23, 2010.  On March 12, 2010, Defendants concomitantly filed their Opposition to the Motion for Default and Summary Judgment and their Answer. Dkt. Nos. 80-81.  Plaintiff's Motions are now pending before this Court.

## II. DISCUSSION

### A. Appointment of Counsel

We first address Plaintiff's Motion for Appointment of Counsel.  *See* Dkt. No. 77.

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party.  *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance.  If so, the court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be

more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).

This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge v. Police Officers*, 802 F.2d at 61).

A review of the file in this matter reveals that the issue in dispute herein – whether Defendants violated the Federal Tort Claims Act – is not overly complex. Further, it appears to the Court as though, to date, Plaintiff has been able to effectively litigate this action. While it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial of this matter, "this factor alone is not determinative of a motion for appointment of counsel." *Velasquez v. O'Keefe*, 899 F. Supp. at 974. Finally, this Court is unaware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation. The Court therefore finds that, based upon the existing record in this case, appointment of counsel is unwarranted. Plaintiff may only file another motion for appointment of counsel in the event he can demonstrate that, in light of <u>specific</u> changed circumstances, consideration of the above factors warrants the granting of such an application.

### B. Default/Summary Judgment

Prior to addressing the substance of Plaintiff's request for a default judgment, we briefly address Plaintiff's seemingly alternative request for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c). Plaintiff's entire Motion consists of 1) a brief Statement of the Case; 2) a Statement of Material Facts; 3) a Memorandum of Law; and 4) Plaintiff's Affidavit. There is no exhibits attached to the Motion, nor are there any citations to evidence in the form of pleadings,

depositions, answers to interrogatories, or admissions on file. Plaintiff's Statement of Material Facts seems to have been submitted pursuant to this District's Local Rules of Practice, N.D.N.Y.L.R. 7.1(a)(3), and Defendants have likewise responded to each statement listed. However, under Local Rule 7.1, it is not enough for a moving party to itemize the facts he deems are not in dispute. For each listed fact, the movant must also "set forth a specific citation to the record where the fact is established." N.D.N.Y.L.R. 7.1(a)(3). Plaintiff has not provided any citation to the record, nor did he provide a record to the Court to allow us to assess whether any material fact is in dispute. It is the movant's burden to provide admissible evidence of material facts entitling him to summary judgment. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see also Feurtado v. City of New York*, 337 F. Supp. 2d 593, 599 (S.D.N.Y. 2004) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). Thus, to the extent Plaintiff seeks summary judgment on the merits, such request should be **denied** since Plaintiff fails to meet his initial burden of proof.[3]

We next consider Plaintiff's request for Default pursuant to Federal Rule of Civil Procedure 55. The Federal Rules of Civil Procedure provide a two-step process for obtaining a default judgment. First, the moving party must seek an entry of default from the Clerk of the Court.[4] FED. R. CIV. P. 55(a). Second, the moving party must apply for a judgment of default from either the

---

[3] It should be noted that the recommendation to deny the request for summary judgment should be entered without prejudice with leave to renew with the proper support and documentation. It is unclear what, if any, discovery has been exchanged at this point. Though this litigation spans half a decade, it appears to have been engulfed by motion practice and appeals. No scheduling order has ever been issued, thus, this Court presumes no discovery has been exchanged.

[4] Under this District's Local Rules, a party applying to the Clerk for a certificate of entry of default "must submit an affidavit showing that (1) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action as provided in the Federal Rules of Civil Procedure and (2) it has properly served the pleading to which the opposing party has not responded." N.D.N.Y.L.R. 55.1.

clerk or the court, depending on whether the claim is for a "sum certain." FED. R. CIV. P. 55(b). The Second Circuit has expressed the notion that strict adherence with the two-step process in Rule 55 is "preferable," but not fatal to providing such relief because it is within the discretion of the district court to entertain a motion for default even without the technical entry of default. *Meehan v. Snow*, 652 F.2d 274, 276-77 (2d Cir. 1981). Furthermore, the Second Circuit embraces the longstanding federal policy favoring resolution of cases on the merits. *See, e.g., Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 62 (2d Cir. 1996) (cited in *Robinson v. Sanctuary Music*, 2010 WL 2649849, at *3 (2d Cir. July 1, 2010) (unpublished decision)).

As Defendants point out, there has not been any request to the Clerk of the Court for the entry of default. Instead, Plaintiff skipped directly to filing his Motion for Default Judgment. While the Court has the discretion to overlook Plaintiff's technical failure to abide by the Federal and Local Rules, we would nevertheless recommend against using such discretion. As outlined in the procedural history above, this case has been besieged by motion practice and there has been little opportunity to review Plaintiff's claims on the merits. Now that he has been granted permission to pursue his Federal Tort Claims Act, and Defendants have answered the allegations, it is our opinion that this case should proceed to discovery. *See Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001) (citation omitted) ("It is well established that default judgments are disfavored[ and a] clear preference exists for cases to be adjudicated on the merits.").

### III. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion for Appointment of Counsel (Dkt. No. 77) is **DENIED** without prejudice to renew as noted above; and it is further

**RECOMMENDED**, that Plaintiff's Motion for Summary Judgment (Dkt. No. 78) be **DENIED** without prejudice to renew as noted above; and it is further

**RECOMMENDED**, that Plaintiff's Motion for Default Judgment (Dkt. No. 78) be **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date: September 23, 2010
      Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge