```
IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

AKTHAM ABUHOURAN,              )
                               )
          Plaintiff,           )        9:04CV1023
                               )
     v.                        )
                               )
UNITED STATES OF AMERICA,      )        MEMORANDUM AND ORDER
                               )
          Defendant.           )
_____)
```

This matter is before the Court on the Objection (Filing No. 89) to Magistrate Judge Treece's Report-Recommendation and Order (Filing No. 85) regarding plaintiff Aktham Abuhouran's Motion for Appointment of Counsel (Filing No. 77), Motion for Default Judgment (Filing No. 78), and Motion for Summary Judgment (Filing No. 78). Plaintiff objects to Judge Treece's order, which denied without prejudice plaintiff's request for appointment of counsel. Plaintiff also objects to Judge Treece's recommendations to deny without prejudice plaintiff's motion for summary judgment and to deny plaintiff's motion for default judgment.

**A.   Appointment of Counsel**

As a non-dispositive matter, a magistrate judge's denial of a motion for appointment of counsel will only be set aside if the ruling was clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). Plaintiff seeks to have counsel appointed pursuant to 28 U.S.C. § 1915(e), which provides: "The

court may request an attorney to represent any person unable to afford counsel." When determining whether to appoint counsel for an indigent litigant, courts should consider "'whether the indigent's position seems likely to be of substance,' then assess the litigant's competence to proceed pro se, the complexity of the issues, and additionally 'any special reason in that case why appointment of counsel would be more likely to lead to a just determination.'" *Machadio v. Apfel*, 276 F.3d 103, 107-08 (2d Cir. 2002) (quoting *Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123, 125 (2d Cir. 2002)).

      Upon review, the Court finds Judge Treece used the proper legal standard for evaluating plaintiff's request for appointment of counsel and his ruling was not contrary to law. Nor was Judge Treece's determination clearly erroneous. Rather, Judge Treece's rationale was reasonable given the posture of the case and specifically recognized plaintiff's request for counsel may later be granted if circumstances change. The Court will overrule plaintiff's objection and will affirm Judge Treece's ruling on this issue.

**B.   Summary Judgment/Default Judgment**

      Plaintiff's motions for default judgment and summary judgment are dispositive motions. Under Fed. R. Civ. P. 72(b), a magistrate judge may only recommend a disposition, and, if properly objected to, the district court reviews de novo the

recommendation.  Fed. R. Civ. P. 72(b); *Arista Records*, 604 F.3d at 116.

In recommending the denial of plaintiff's motion for summary judgment, Judge Treece stated plaintiff failed to meet his burden of providing admissible evidence of material facts entitling plaintiff to summary judgment.  Report-Recommendation and Order, Filing No. 85, at 7 (citing *FDIC v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994), and *Feurtado v. City of New York*, 337 F. Supp. 2d 593, 599 (S.D.N.Y. 2004)); *see also* Fed. R. Civ. P. 56(c)(1).  In recommending the denial of entry of a default judgment in plaintiff's favor, Judge Treece recognized plaintiff had failed to adhere to the two-step process for obtaining a default judgment under Fed. R. Civ. P. 55.  Judge Treece also cited the Second Circuit's disfavor for default judgments and preference for resolving disputes on the merits.  *Id.* at 8 (citing *Robinson v. Santuary Music*, 383 F. App'x 54, 58 (2d Cir. 2010), and *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001)).

After conducting de novo review, the Court finds plaintiff's motions for summary judgment and for default judgment should be denied.  Regarding the summary judgment motion, Judge Treece correctly reasoned plaintiff's motion should be denied for lack of admissible evidence in the record indicating no genuine issues of material fact exist.  Regarding the default judgment

motion, Judge Treece also correctly reasoned it would be inappropriate to allow plaintiff to skip the two-step procedure for obtaining a default judgment.  Moreover, even if allowing plaintiff to skip the default judgment procedure was appropriate, the Court would likely set aside the entry of default and the default judgment pursuant to Fed. R. Civ. P. 55(c) and Fed. R. Civ. P. 60(b), respectively.

IT IS ORDERED that plaintiff's Objection (Filing No. 89) to the magistrate judge's Report-Recommendation and Order (Filing No. 85) is overruled and denied as follows:

> 1) Plaintiff's objection to the magistrate judge's denial of his Motion to Appoint Counsel (Filing No. 77) is overruled and the magistrate judge's order is affirmed;
>
> 2) Plaintiff's objection to the magistrate judge's recommendation to deny his Motion for Summary Judgment (Filing No. 78) is overruled and the motion is denied without prejudice; and
>
> 3) Plaintiff's objection to the magistrate judge's recommendation to deny his Motion for Default Judgment (Filing No. 78) is overruled and the motion is denied.

DATED this 11th day of May, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court